THE STATE, Respondent, v. MONTGOMERY, Appellant.

1. A general verdict against a defendant in a criminal case will authorize a judgment thereon if there is a single good count in the indictment.
2. It is competent in a criminal case, as affecting the credibility of a witness, to inquire into the state of his feelings towards the party against whom he is called upon to testify ; this inquiry can not, however, be made concerning the witness' feeling towards the husband of such party.

*Appeal from Cedar Circuit Court.*

*Johnson & Ballou*, for appellant.

*E. B. Ewing*, (attorney general,) for the State.

RICHARDSON, Judge, delivered the opinion of the court.

The defendant was indicted for disturbing an assembly met for religious worship, under the thirtieth section of the eighth article concerning crimes and punishments. (1 R. C. 1855, p. 630.)

The defendant's counsel concedes that the first count in the indictment is good, but insists that the judgment should be arrested because the verdict is general, and the second count is bad. But there is nothing in that objection, for the practice seems to be settled that the verdict in a criminal case will authorize a judgment upon it, if there is a single good count in the indictment to support it. (State v. Jennings, 18 Mo. 435; State v. Bean, 21 Mo. 269; 1 Chitty's Crim. Law, 639.)

One of the witnesses called by the State was allowed on his cross-examination to testify concerning the state of his feelings towards the defendant, but the court sustained the objection to the defendant's offer to prove that the witness was unfriendly to her husband. It is always competent, as affecting the credibility of a witness, to inquire into the state of his mind in respect to the party against whom he is called, but we have seen no authority that permits the inquiry to be made concerning the witness' feelings in regard to other persons, no matter in what relation, however else they may stand to the party. If the rule includes a husband or wife, it would embrace father, mother, brother or sister, and other relatives remotely of kin, and there would be no proper or defensible limit if the inquiry was allowed so wide a range.

In order to sustain an indictment like the one in this case, it is of course necessary to prove that an assembly was disquieted or disturbed, and the fact is one to be proved by the jury; but it is certainly not necessary to prove that every person in the assembly was disturbed, for that could only be done by calling as witnesses all who were present. No rule can be laid down as to the number of persons in a congregation whom it is necessary to prove were disturbed in their

worship; and though, perhaps, a case would not be made out by showing that only one or two persons in a congregation were disturbed, yet the real question to try is a practical one, and the jury, from all the evidence, will be able to determine whether an offence has been committed.

The instructions that were given presented the case fairly to the jury, and those which were refused were properly refused. The other judges concurring, the judgment will be affirmed.