## THE STATE v. YOUNG, Appellant.

### Division Two, January 23, 1900.

1. **Evidence: GENERAL OBJECTIONS.** General objections to testimony, that it is incompetent and calculated to prejudice the jury, without any statement of why it is incompetent or why it is calculated to mislead the jury, go for naught, and will not be considered on appeal.

2. **Witnesses: CO-INDICTEES.** Co-indictees of the defendant, who have pleaded guilty, and as to whom the case has been disposed of, are competent to testify as witnesses against the person on trial.

3. **Arson: FIRST DEGREE.** The statute has so changed the common law as to make it arson in the first degree to set fire to a house in which there is a human being at the time, although the house is a flat, and no person is at the time in the department in which the fire was started.

Appeal from Jackson County Criminal Court.—*Hon. W. L. Jarrott*, Special Judge.

AFFIRMED.

*Blake L. Woodson* for appellant.

(1) It clearly appears from the evidence that there was no "human being" in the part of the house occupied by Young and his family at the time of the burning. The rooms occupied by each family were the "dwelling house" of that family only. So in burglary and larceny. State v. Davis, 138 Mo. 107; State v. Dale, 141 Mo. 284; State v. Burdett, 145 Mo. 674. (2) There was but one arson, but if the

"human beings" in the other dwelling houses were, for the purposes of arson, in Young's dwelling house, he could be convicted for as many arsons as there were dwelling houses in the whole building.   Hence the court erred under the evidence in this case in submitting arson in the first degree, as declared in its first instruction.   People v. Schwartz, 32 Cal. 160; State v. Sandy, 3 Fed. Rep. 370; 2 Bish. Cr. Pr. (3 Ed.), secs. 36, 38; State v. Toole, 29 Conn. 342; Queen v. Warren, 1 Cox. C. C. 68; Ullman v. State, 1 Tex. App. 220; Reg. v. Paice, 1 C. & K. 73; Childress v. State, 86 Ala. 76; Stullings v. State, 47 Ga. 572; State v. Grimes 49 Minn. 443; State v. Nolan, 48 Kan. 723; Lewis v. State, 49 Miss. 354; Reg. v. Fletcher, 2 C. & K. 215; Corn v. Buzzell, 16 Pick. 153; 2 Am. and Eng. Ency. of Law (2 Ed.), 934; R. S. 1889, sec. 3515; Davis v. State, 52 Ala. 357; State v. Haynes, 66 Me. 307; Stitz v. State, 104 Md. 359.

*Edward C. Crow*, Attorney-General, *Sam B. Jeffries*, Assistant Attorney-General, *James A. Reed* and *F. S. Johnson*, for the State.

(1)   Defendant charges the court below with error in admitting the testimony of co-defendants Tobin and Starner. They had entered pleas of guilt and as to them the case had been disposed of.   No error was committed.   Their testimony was competent.   1 Bishop's Crim. Prac., sec. 1020; State v. Parsons, 43 Ga. 157; Roscoe's Crim. Evid. 121.   (2)   There is no question but that arson will lie for the burning of the building occupied by the defendant.   This proposition was fully considered in the case of State v. Moore, 61 Mo. 276. (3)   When it is made an offense to burn a building in which there is a human being at the time, the fact that the building belongs to the accused constitutes no defense.   1 McLain's Crim. Law., sec. 5121; State v. Hays, 78 Mo. 313; Rog v. McGrath, 14 Cox 598; State v. Tuller, 8 Tex. App. 501; State v. Levy, 80 N. Y. 327; State v. Shepherd, 19 N. Y. 537.

(a)   The evident position assumed by defendant is that the real cause or source of the offense is the injury to property. In this he is at error.   The gist of the offense created by and arising out of a breach of the statute upon which the indictment in this case is bottomed, is the danger involved to the person in the building and not the injury to the building itself. 1 McLain's Crim. Law, sec. 524.   (b)   Section 3511, R. S. 1889, is in disregard of the common law offense of arson.   The lawmakers, according to its plain terms, had reference especially to the protection of human life.   Davis v. State, 52 Ala. 357; Heard v. State, 81 Ala. 57; Lacy v. State, 15 Wis. 13.   (4)   Every person who shall willfully set fire to or burn any dwelling house in which there shall be at the time some human being, etc., shall upon conviction be adjudged guilty of arson in the first degree.   R. S. 1889, sec. 3511.   Every house, prison, jail or other edifice which shall have been usually occupied by persons lodging therein, shall be deemed a dwelling house of any person having charge thereof or so lodging therein.   R. S. 1889, sec. 3512.   (5)   It is not necessary to name the human being alleged to be in the house at the time of setting fire.   State v. Aguila, 14 Mo. 131; State v. Moore, 61 Mo. 276; State v. Hays, 78 Mo. 313.

BURGESS, J.—The defendant was jointly indicted with John Tobin and Thomas Starner in the criminal court of Jackson county for arson in the first degree under section 3511, of the Revised Statutes 1889, for having unlawfully set fire to and burned a certain dwelling house of said Young, in which there was a human being.

Tobin and Starner pleaded guilty, and upon a separate trial of defendant he was found guilty and his punishment fixed at ten years' imprisonment in the penitentiary.   From the judgment and sentence he appeals.

A brief statement of the facts is that at the time of the fire defendant and his family lived in a flat in Kansas City

of which he and his family occupied two rooms on its north side. Immediately in the rear and to the east of the rooms occupied by defendant were two other rooms occupied by another family. There were several other families living in the flat at the time. Defendant had, a short time previously, insured his household furniture to the amount of four hundred dollars. On a number of occasions he urged Tobin and Starner to assist him in setting fire to the building and promised them fifty dollars each to be paid out of the money received on his policy of insurance. The ninth of September was finally agreed on, at least on that day defendant removed a portion of the clothing of himself and family from his home, and arranged to take his wife and child to her mother's that evening. Tobin and Starner ate dinner with the defendant at his home, at which time everything was arranged and put in order. Holes were bored in the floor and straw from a bedtick put underneath the floor. Rags saturated with coal oil and gasoline were put in the holes. A can containing gasoline was arranged with a string to be upset at the proper time, as was also a tub containing about five gallons of oil.

Just after dark of the evening in question defendant took his wife and child in a spring wagon or open buggy to her mother's home. He then returned to his residence and found Tobin and Starner waiting for him. Starner got in the buggy with him and according to previously laid plans, they drove away, intending to start a fire in the rear of his house, but so as not to destroy anything valuable, they were then to raise the fire department; while at the same time, Tobin was to remain at the house and set the fire. This he did, but failed or forgot to empty the contents of the can and tub on the floor. The fire was soon located by the department and extinguished before serious damage was done. On the following day, defendant Tobin and Starner were arrested. Several days before the offense was committed, defendant, in conversation with some of his neighbors, stated his goods were insured

State v. Young.

and that he would "fire the house" and collect the money on the policy.

It is claimed by defendant that the court erred in refusing to withdraw from the consideration of the jury at the request of defendant the testimony of Mary Green and others, who testified on the part of the State, that they and other persons than defendant's family, were occupants of and in other parts of the same building at the time of the fire. The grounds upon which the court was asked to strike out and withdraw this testimony from the consideration of the jury, were that it was incompetent, and calculated to prejudice the jury. But it was not stated why it was incompetent, or why it was calculated to mislead the jury, and it has often been ruled by this court that such general objections go for naught, and will not be considered on appeal. [Margrave v. Ausmuss, 51 Mo. 567; State v. Adams, 108 Mo. 208.]

It is next claimed that the court erred in permitting the co-indictees of defendant to testify against him over his objection, but no reason whatever is assigned or attempted to be assigned by defendant for such contention. They had pleaded guilty, and as to them the case had been disposed of, and under the rulings of this court in State v. Jackson, 106 Mo. 174, and State v. Minor, 117 Mo. 302, they were clearly competent to testify as witnesses against the defendant.

It is insisted by defendant that as there was no "human being" in that part of the house occupied by Young and his family at the time of the fire, he was not guilty of arson in the first degree, notwithstanding there were at the time other persons in other parts of the same building, and that the court erred in declaring otherwise in the first instruction on the part of the State. Section 3511, Revised Statutes 1889, provides that, "Every person who shall willfully set fire to or burn any dwelling house in which there shall be at the time some human being, or who shall willfully set fire to or burn any boat or vessel in which there shall be at the time some human being, or

who shall willfully set fire to or burn any bridge or causeway upon any railroad, shall upon conviction be adjudged guilty of arson in the first degree." At common law it was not arson for a person to set fire to his own dwelling house of which he was in the possession or to a dwelling house which he occupied as tenant, because there could be no arson without a trespass to the possession—and a person in possession of such property could not be guilty of trespass against his own possession, but by the statute quoted that rule has been changed, so that a person burning his own dwelling house, or that of which he is in the occupancy as tenant, if there be a human being in at the time, is guilty of arson in the first degree. In this case there were other persons in other parts of the same dwelling house at the time of the fire, so that it makes no difference that there was not in fact a human being in that part of the dwelling house occupied by defendant at that time.

The statute with respect to this grade of the offense was intended to protect human life, rather than property. [1 McClain's Criminal Law, sec. 524; Davis v. State, 52 Ala. 357.]

As has been said defendant and his family occupied that part of the dwelling house to which he set fire. It was a house containing a large number of rooms—a number of which were occupied by other persons, but they were all under the same roof, within the same outside walls, and in fact but one structure.

The evidence conclusively shows that the building to which the fire was set, was a single, complete structure of itself, having but one roof, and its own walls, and it matters not that the fire was only set to a part of the structure; it was setting fire to the whole, as much so as if the fire had been set to each and every part occupied by the different persons lawfully therein. [Levy v. People, 80 N. Y. 327.]

It follows that no error was committed in giving the first instruction on the part of the State.

Finding no reversible error in the record we affirm the judgment. *Gantt, P. J.*, and *Sherwood, J.*, concur.