# THE STATE v. McCOY et al., Appellants.

## Division Two, May 7, 1901.

1.  **Arson:** INDICTMENT: SUFFICIENCY: MALICE.  Revised Statutes 1899, section 1875, provides that every person who shall willfully set fire to or burn any public building belonging to any county, not the subject of arson in the first or second degree, shall on conviction be adjudged guilty of arson in the third degree.  *Held,* that an indictment that defendants did then and there willfully and feloniously set fire to and burn a public building belonging to the county was sufficient, without averring that the burning was malicious.

State v. McCoy.

2. ———: ———: WILLFULLY AND FELONIOUSLY: INTENT. An indictment alleging that defendants then and there willfully and feloniously set fire to a public building belonging to the county was sufficient, without averring that the acts were committed with the intent to burn and consume the building, or that the building was burned and consumed.

Appeal from Wright Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*E. H. Farnsworth* for appellants.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

(1)   The offense of arson is comsummated by the least burning of a house.   The charring of a floor or wall is sufficient and it makes no difference how soon the fire is extinguished.    Wharton on Criminal Law (10 Ed.), sec. 826. The burning necessary to constitute arson of a house at common law must be an actual burning of the whole or some part of the house, but it is not necessary that any part of the house should be wholly consumed; and the offense will be complete though the fire should be put out or go out of itself.   "Setting fire to" is, in this sense, equivalent to burning.  Wharton on Criminal Law (10 Ed.), sec. 826.   The burning of any part, however small, completes the offense the same as of the whole.
(2)   The court properly refused the instruction asked by the defendants saying that if they were found to have set fire to and burned a hole through the wall or through the building only for the purpose of escaping therefrom and not for the purpose nor with the intent of burning said building, that the

State v. McCoy.

defendants or defendant were not guilty.    On reason and authority, it is arson to set fire to a jail with the intent of burning a hole therein for the purpose of escaping.    McLain on Criminal Law, sec. 546.    It is immaterial what is the ultimate intention in the burning if the burning is unlawful.    Lockett v. State, 63 Ala. 5; Smith v. State, 23 Tex. App. 357; Willis v. State, 32 Tex. App. 534; McLain on Criminal Law, sec. 526.

SHERWOOD, P. J.—Arson in the third degree is charged in the indictment in this language:    "That at said county of Wright, in the State of Missouri, on or about the fifteenth day of February, A. D. 1900, Frank McCoy, Pink Walker, James Bolton and Al Ferguson did then and there willfully and feloniously set fire to and burn a public building belonging to said county of Wright in the State of Missouri, not the subject of arson in the first or second degrees, to-wit:    The jail of said county situate in the town of Hartville in said county, against the peace and dignity of the State."

The evidence showed that the defendants, together with four other men, were in a building fourteen by sixteen feet square, built of two-by-four scantling laid down and spiked together, and used as a county jail in Hartville, Missouri; that the defendants were charged with burglary and larceny; that in the jail was a stove with a fire in it, and a shovel and a piece of iron bar that had been used by workmen in fixing a window; that while one of the defendants watched at the window, the remaining three took turn about in heating the iron bar and placing it against the two-by-four scantling, charring and burning the same, and that they kept up this operation until they burned a scantling in two and then by taking hold of it they were enabled to pull it from its place in the ceiling and thus

Vol 162 mo—25

make an opening in the roof about eight inches wide and eighteen or twenty inches in length, out of which the defendants escaped.

The defendants were tried and the jury returned the following verdict: "We the jury find the defendants all guilty as charged in the indictment, and assess the penalty at five years each in the penitentiary."

The defendants filed motions for new trial and in arrest of judgment, which were denied, and then appealed to this court. They rely upon the insufficiency of the indictment: first, because it does not charge that the building was burned and consumed; second, because it does not charge that the building was willfully set on fire by the defendants with the intent to burn and consume the same; and third, because the indictment does not charge that the crime was committed maliciously.

The defendants' counsel by instruction raised the question that if the defendants or either of them burned a hole through the building mentioned in the indictment, only for the purpose of escaping therefrom and not for the purpose or with the intent of burning and consuming said building, then the defendant or defendants were not guilty of arson. The court refused to give this instruction, and the defendants excepted to the ruling of the court. No testimony was introduced on behalf of defendants, nor are they represented in this court.

Section 1875, Un. Rev. Stats. Mo. 1899, under which the indictment is drawn, reads this way: "Every person who shall willfully set fire to or burn any house, building, barn, stable, boat or vessel of another, or any office or depot or railroad car of any railroad company, or any house of public worship, college, academy or schoolhouse, or building used as such, or any public building belonging to the United States or this State, or to any county, city, town or village, not the subject

State v. McCoy.

of arson in the first or second degree, shall, on conviction, be adjudged guilty of arson in the third degree."

At common law the crime consisted of the malicious and willful burning of a house or outhouse of another. [4 Blk. Com., 219.]

Archbold gives the form of an indictment which charges "that A. B. on, etc., in the year, etc., unlawfully, maliciously and feloniously did set fire to a certain dwelling-house, in the parish, etc., in the possession of C. D. with intent thereby then to injure the said C. D.," etc. [2 Archb. (8 Ed.), 1471, 1476.] But the author remarks that in this country the English law of arson has been considerably changed by modifying statutes, and in a very marked degree in the statute in question. And it was entirely competent for the Legislature to make such change; and when this is done, and thereby the "statute creates an offense similar to one at the common law, yet omits an item of the common-law definition, such omitted thing need not be covered by an indictment on the statute." [1 Bishop New Crm. Proc., sec. 623, and cases cited.]

Here, the statute by omitting the elements of malice makes the offense complete without, and so the adverb "maliciously" was properly omitted from the indictment. Besides, it would seem quite difficult to conceive how one could bear malice against a *county;* and aside from this consideration, it has been determined, upon a case reserved, that where the prisoner set fire to and burned a stack of hay, it was no answer to the charge that the prisoner bore no malice to the *owner* of the stack, which fact was established by the owner himself. [Salmon's Case, Russ. & Ry. 26.]

If lack of malice to the owner, if proved, amounts to no defense to a charge of arson, it is difficult to see how it can be necessary to allege malice in the indictment. Furthermore, our statute of jeofails declares that an indictment shall not be

invalidated "for want of the averment of any matter not neces-
sary to be proved." [Sec. 2535, Un. Rev. Stats. 1899.]    If
malice is unnecessary to be proved, certainly it is not necessary
to be alleged, and vice versa.

Moreover, this court has held in opposition to the common-
law rule, that inasmuch as it was unnecessary to prove on what
part of the body the mortal wound was inflicted, by the same
token it was unnecessary to allege it.    [State v. Edmundson,
64 Mo. 398.]

In Alabama, the statute says:    "Any person who will-
fully sets fire to, or burns, any church, meeting-house, court-
house, town-house, college, academy, jail, or other building
erected for public use."    There, two prisoners were indicted
for setting fire to a jail; they did this in order to escape from
the jail; but before they succeeded, they were detected, and the
fire extinguished before it had done a great deal of damage.
The means employed to effect the burning were quite similar to
the ones used by defendants in the case at bar.    The prisoners
in that case being found guilty, it was ruled on appeal, any
destruction of the material of the house, no matter how slight,
was a burning within the prohibition, and that in the circum-
stances stated, the act was done *willfully,* and that although the
prisoners only intended to burn a hole large enough to escape
by, and not to burn the jail itself, yet, still, they were guilty of
arson.    [Luke et al. v. State, 49 Ala. 30.]    No question in
that case was made as to the sufficiency of the indictment, which
the court, however, held was maintained under the statute al-
ready quoted.

In Mississippi, the statute provided that "if any slave shall
be guilty of burning any dwelling-house, store, cotton-house,
gin or out-house, barn or stable, or shall be accessary thereto,
every such slave shall, on conviction, suffer death."    Jesse, a
slave was indicted for arson of a barn, the indictment charg-

State v. McCoy.

ing that act to have been "willfully and feloniously" done. This indictment was holden bad, because the word maliciously was not employed therein. It was insisted for the prosecution that in cases of house-burning created by the statute, it was sufficient to charge the offense in the terms of the statute. Commenting on this position, Mr. Justice HANDY very pertinently said: "If the words used in the statute do not, in view of the nature of the offense and the recognized principles of law, describe the offense so as to convey to the mind a full and clear idea of everything necessary to constitute the crime, in such case the full measure of the offense must be charged by the use of such words as are necessary and proper, under established rules of law, to characterize it. The difference is simply that between offenses which are fully and clearly defined in the statute, and such as are described generally. In the former, the description contained in the statute is sufficient; in the latter, the offense must be charged agreeably to the rules of the common law." [Jesse v. State, 28 Miss. 100.] In that case, the words employed in the statute only described the offense generally and did not "describe the offense so as to convey to the mind a full and clear idea of everything necessary to constitute the crime," hence, the necessity for expanding the words of the statute by the addition of words employed in indictments for arson at common law.

As to the omission from the indictment in the present instance, of the words "with intent to burn and consume" or that a like omission occurred as to the words "burned and consumed," it is sufficient to say that they constitute no element of the offense of arson under the statute, and are fully covered by the remarks and authorities heretofore made and quoted.

Therefore, judgment affirmed. All concur.