## THE STATE v. JOSEPH RITTER, Appellant.

Division Two, June 8, 1921.

1. **INDICTMENT:** Arson: Name of Owner of Building. An indictment charging that defendant had burned household goods for the purpose of defrauding the insurers need not name the owner of the building in which the goods were located, but if the charge is in the language of the statute it is sufficient.

2. **WITNESS:** Expectation of Immunity: Cross-Examination. An inquiry on cross-examination of a co-conspirator to the crime as to whether, in making her statement to the prosecuting attorney, she entertained the hope and expectation that she would not be prosecuted, being confined to her hopes and expectations from having made the statement, and in no wise made dependent upon her testimony, is not a proper basis for an answer, and it is not reversible error to exclude a negative answer thereto.

3. **ADMISSION:** Kindred Crimes: Incendiary Fires. Statements by defendant, charged with burning goods with intent to defraud the insurers, made to his co-conspirator, concerning his connection with other incendiary fires, in their nature voluntary admissions, whether the fires occurred before or after the one for which he is being tried, are admissible (1) as tending to show intent and that the fire in question was of incendiary origin, and (2) to prove the *corpus delicti*, or to connect defendant therewith.

4. **HOSTILITY TO CO-INDICTEE.** A witness's hostility against a co-indictee who has been granted a severance is immaterial.

5. **REBUTTAL:** Of Improper Cross-Examination. Where counsel for defendant, in the cross-examination of certain witnesses for the State, has attempted to show that the State's main witness has kept a house of ill-repute, or one bearing that reputation in the neighborhood, testimony to rebut the attack upon her character

is admissible, although it be conceded that it was error to permit the inquiry in the manner it was made.

6. **REPUTATION: Unassailed.** Where the character of a co-indictee, who has been granted a severance and is a witness for defendant, has not been directly questioned, but upon cross-examination inquiries are made of him reflecting upon his standing, it is not error to refuse to permit defendant to show that said witness was a man of good reputation for truth and veracity. [Overruling Mo. App. Cases to the contrary.]

Appeal from the St. Louis City Circuit Court.—*Hon. John W. Calhoun*, Judge.

A'FFIRMED.

*Carl M. Dubinsky* and *Abbott, Fauntleroy, Cullen, & Edwards* for appellant.

(1) The court erred in excluding evidence as to the beliefs, hopes and expectations of the accomplice. State v. Kent, 27 L. R. A. 695; Stevens v. People, 215 Ill. 593. (2) In the progress of the trial, over the objections of the defendant, the State was permitted to prove that other fires had occurred in St. Louis, and permitted to prove that the defendant had made some statements to the witness, Bertha Trader, about such other fires, but there was no proof in the case that the other fires mentioned were of incendiary origin or of a similar nature to the fire which was the subject-matter of this prosecution and the defendant therefore insists that the admission of such testimony was improper and constituted reversible error. Raymond v. Commonwealth, 96 S. W. 516; People v. Santageta, 114 N. Y. Supp. 324. (3) When the co-defendant Fendelman was on the stand as a witness, the defendant offered to prove that the witness Murphy, who had testified as a witness for the State in conjunction with Newmark, the private detective employed by the insurance companies, made a violent and wicked attack upon the witness because he re-

fused to implicate the defendant in the crime wherewith the defendant stands charged. Bomont v. State, 25 Tex. App. 173. (4) Particular independent facts, though bearing on the question of veracity, cannot be put in evidence for the purpose of sustaining or impeaching a witness. State v. Rogers, 108 Mo. 202; State v. Gesell 124 Mo. 531; Com. v. Churchill, 11 Met. 538, 45 Am. Dec. 229; Com. v. Kennon, 130 Mass. 39; Johnson v. People, 3 Hill, 178, 38 Am. Dec. 624; Crichton v. People, 6 Park. Crim. 363; Uhl v. Com., 6 Gratt. 706; Moore v. State, 68 Ala. 360; Craig v. State, 5 Ohio St. 605; Ketchingman v. State, 6 Wis. 426; Stape v. People, 85 N. Y. 390; Webb v. State, 29 Ohio St. 351; People v. O'Brien, 96 Cal. 171; People v. Ryan, 8 N. Y. Supp. 241; State v. Barret, 40 Minn. 65; People v. Wolcott, 51 Mich. 612; Randall v. State, 132 Ind. 542; McArthur v. State, 59 Ark. 431; People v. Monreal, 7 Cal. App. 37; Seaborn v. Com. 25 Ky. L. Rep. 2203; State v Arnold, 146 N. C. 602; Conrad v. State, 132 Ind. 259. (5) The defendant and one Fendelman were indicted jointly. A severance was taken. The entire theory of the case was that Fendelman and Ritter were in a conspiracy and that Fendelman was the active party who set fire to the building. On cross-examination questions were asked him reflecting upon his standing, and later on the defendant offered to show that the said Fendelman was a man of good reputation and the court excluded such testimony. In so ruling the court erred. Whenever the character of a witness for truth is attacked in any way, it is competent for the party calling him to give general evidence to support his good character. Walker v. Phoenix Ins. Co., 62 Mo. App. 209; Cox v. Polk, 139 Mo. App. 260; Berryman v. Cox, 73 Mo. App. 73. The whole line of cases holds that whenever a witness, plaintiff or defendant or anybody else, is attacked as a witness in any manner, he may offer evidence of good character to sustain his testimony. Under these circumstances testimony of the character is admissible. State v. Christopher, 134 Mo.

App. 6; Miller v. St. Louis R. Co., 5 Mo. App. 471; Alkire Grocer Co. v. Tagart, 78 Mo. App. 166; Browning v. Ry., 118 Mo. App. 449. And the same rule applies where the witness is a party to the suit, since the impeaching evidence goes to his credibility as a witness and not as a party. Cox v. Polk, 139 Mo. App. 260; State v. Speritus, 191 Mo. 24.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1) The second count in the indictment is sufficient and properly charges the offense of arson in the third degree. Sec. 3288, R. S. 1919 (Sec. 4511, R. S. 1909); State v. Tucker, 84 Mo. 24; State v. Bersch, 276 Mo. 411. (2) The pivotal question on trial was as to the intent and consideration of the witness (accomplice), Bertha Trader, in making her statement to the circuit attorney and the police officers; and in making herself a witness for the State. Her testimony went far towards making out a case of arson against defendant on trial. In the cross-examination of this witness great latitude should have been allowed in ascertaining whether her testimony against the appellant was not given with the belief, hope and expectation of escaping punishment; or, of being more leniently dealt with. The appellant had the right to have such facts laid before the jury on the question of the accomplice's credibility. The court ruled out the following questions, and in so ruling we think the court committed reversible error. State v. Riney, 137 Mo. 104; State v. Shelton, 223 Mo. 135; State v. Kent, 4 N. D. 598; Allen v. State, 10 Ohio St. 305; Tullies v. State, 39 Ohio St. 200; People v. State, 215 Ill. 593; People v. Langtree, 64 Cal. 259; People v. Moore N. Y. App. Div. 56, 181 N. Y. 524. (3) To prove that other fires were caused by the same parties is competent to show intent. State v. Bersch, 276 Mo. 415; State v. Young, 266 Mo. 734; State v. Cox, 264 Mo. 413; State v. Donaldson, 243

Mo. 475; State v. Meyers, 82 Mo. 563. Competent also to show incendiary origin of the crime. State v. Cox, 264 Mo. 413; State v. Spray, 174 Mo. 569; State v. Jones, 171 Mo. 407; State v. Balch, 136 Mo. 109; State v. Meyers, 82 Mo. 564. (4) The court did not commit error in excluding testimony tending to show bias of State's witnesses. (a) Fendleman was not a party to this action. State v. Montgomery, 28 Mo. 595. (b) In showing hostility a party is not entitled to inquire into the cause or particulars of the difficulty. Bertoli v. Smith, 69 Vt. 427; Wyeth v. Walzl, 43 Md. 432. (c) It is immaterial whether the feeling is or is not justifiable. Seymour v. Bruscke, 144 Mich. 252; Coats v. Lynch, 152 Mo. 167. (d) Where the effect, if not the intention, of evidence offered to show bias is to divert the attention of the jury by a collateral and subordinate issue, the admission of the evidence is largely in the discretion of the trial court. Com. v. Ezell, 212 Pa. St. 296; State v. May, 172 Mo. 646. (e) Where the interest or bias of a witness clearly appears, the court may properly refuse to allow the inquiry to go any further. State v. May, 172 Mo. 646; State v. McLaughlin, 149 Mo. 32. (5) By admitting testimony of specific acts to sustain reputation of witness, Bertha Trader, the court did not commit error. Self-invited error cannot be made the basis of complaint. Rourke v. Railroad, 221 Mo. 62; Wiggington v. Rule, 275 Mo. 449; Pinson v. Jones, 221 S. W. 86. (6) Exclusion of testimony to show good reputation of witness Fendelman was not error. (a) Evidence cannot be admitted to support reputation unless attacked. State v. Reed, 250 Mo. 379; State v. Fogg, 206 Mo. 716; State v. Grant, 79 Mo. 133; State v. Thomas, 78 Mo. 343. (b) Reputation presumed to be good without proof. State v. Reed, 250 Mo. 379.

WALKER, J.—The appellant was convicted in the Circuit Court of the City of St. Louis, of arson, in the third degree, under Section 3288, Revised Statutes 1919,

288 Mo.—25

and his punishment assessed at fifteen years' imprisonment in the penitentiary, which was reduced by the trial court to five years. From this judgment he appeals.

The offense for which the appellant was convicted was the burning of certain household goods in the possession of one Bertha Trader, located in an apartment occupied by her on Delmar Avenue, in the City of St. Louis, with the intent to injure and defraud the insurers of said property. Bertha Trader testified for the State. Her testimony was to the effect that she, the appellant, and one Fendelman entered into a conspiracy to burn the goods in the apartment in which she resided for the purpose of securing the insurance on same; that the appellant brought the greater part of the goods and placed them in the building for the purpose; that he introduced Fendelman to her as the man who would start the fire and stated that his name was Jones. The appellant testifying in his own behalf denied any connection with the matter, except as an insurance adjuster. The property was insured in the sum of eight hundred dollars in one company and one thousand dollars in another. Upon an adjustment of the loss the two insurance companies paid the sum of eight hundred dollars; of this amount Bertha Trader received two hundred and fifty dollars, and the balance was retained by the appellant. The latter was at the time a member of the firm of Bersch, McMahan & Ritter, whose ostensible business was that of a fire insurance adjuster, engaged in business under the name of the Independent Adjustment Company, and as such it represented Bertha Trader in the settlement of her claims against the insurance companies. The burning of the goods as testified by Bertha Trader was effected by the starting of a fire in a wardrobe in one of the rooms of the apartment. Fendelman, who, under the conspiracy, was to start the fire was seen in the immediate vicinity of the building at the time.

There is much testimony as to the particulars of the fire, the adjustment of the claim by Ritter for Mrs.

Trader, and his retention of the money when the losses were paid, not necessary to be set forth in detail.

Fendelman was indicted jointly with the appellant. A severance was granted, resulting in the conviction as heretofore stated.

I. Appellant contends that the indictment is insufficient, in that it does not allege the name of the owner of the building in which the goods burned were located.

Indictment. This allegation was not necessary. The section under which the indictment was framed is several. The offense denounced therein with which the appellant was charged was the burning of goods with the intent to defraud the insurers.

This offense is charged in the language of the statute and hence there is no merit in the contention, for the reason that the crime having been defined by the statute which embodied all the constituent elements of the offense, the indictment following same is sufficient. This measure of the sufficiency of a statutory charge was last approved by this court in State v. Bersch, 276 Mo. l. c. 411, 207 S. W. l. c. 813. Stated more concretely as applicable to the law and facts at bar, the offense consisted, as stated, in the burning of the goods to defraud the insurers. [State v. Greer, 243 Mo. 599.] The location of such goods other than that they were in the City of St. Louis, where the charge was preferred, which fact is alleged in the indictment, was immaterial.

II. It is contended that error was committed in the striking out of the answer of the witness Bertha Trader to an inquiry made of her by the counsel for the appellant on cross-examination, as follows:

"In making the statement to Mr. McDaniel, did you not, by reason of making said statement, entertain the

Expectations from Confessions. hope and expectation that you would not be prosecuted?"

To this she answered, "No, sir," which answer on the motion of counsel for the State was strick-

en out. What this statement was concerning which the inquiry was made, does not appear. Although this inquiry was repeated, followed by a like ruling as- at first, it was confined in each instance to the witness's hopes and expectations, dependent upon her having made the statement alleged to have been made to McDaniel, and not to her testimony at the trial to which no reference was made. If the inquiry had been directed to ascertaining her hopes and expectations, dependent upon her testimony, the exclusion of her answer, if in the affirmative, would have been error, and if found upon a consideration of all the other facts to have been prejudicial, it would have been sufficient to have worked a reversal. Numerous rulings are to be found declaratory of the latitude permissible in the cross-examination of witnesses shown to have been connected with the crime for which the accused was being tried. Proofs of promises, inducements and the hopes and beliefs of the witness may be adduced to affect his credibility, but a vague inquiry as to an alleged statement of the witness, of which not even the purport is shown, cannot be made to serve that purpose.

The facts at bar, therefore, clearly distinguish this case from rulings here and elsewhere, recognizing the right of cross-examination to ascertain if a witness's testimony is animated by any other purpose than a statement of the facts. [State v. Shelton, 223 Mo. l. c. 134 and cases; Stevens v. People, 215 Ill. 593; People v. Langtree, 64 Cal. l. c. 259; People v. Moore, 181 N. Y. 524; State v. Kent, 4 N. D. l. c. 598; Lee v. State, 21 Ohio St. 151.]

III. Error is assigned in the admission in evidence of statements made by appellant to Bertha Trader as to his connection with other incendiary fires. These statements were in the nature of voluntary admissions Other Crimes. of the commission by the appellant of other crimes of a like nature to that charged. They were admissible as tending to show intent, and it is immaterial

whether they occurred before or after the commission of the crime for which he was being tried. [State v. Bersch, 276 Mo. 1. c. 415 and cases.]

Furthermore, the admission of this testimony was authorized as tending to show that the fire in question was of incendiary origin, and also to prove the *corpus delicti*, or connect the appellant with same. [State v. Cox, 264 Mo. 1. c. 413 and cases.]

IV. It was attempted to be shown that one of the State's witnesses was biased or hostile to Fendelman and hence that the exclusion of his testimony as to such bias

Prejudice. was error. It is always competent. as affecting the credibility of a witness, to ascertain the state of his mind against the accused. [State v. Horton, 247 Mo. 1. c. 665; State v. Miller, 71 Mo. 590.] This rule, however, has never been extended to the admission of proof of witness's bias against others. [State v. Montgomery, 28 Mo. 594.] Fendelman, although he had been jointly indicted with the appellant, had been granted a severance and was not a party to the action. It was, therefore, immaterial what the witness's feelings may have been towards him.

V. It is further contended that error was committed in admitting testimony as to the prior conduct of Mrs. Trader to rebut the attack upon her character made by

Rebuttal. the appellant. Appellant's counsel had attempted in the cross-examination of certain witnesses for the State to show that Mrs. Trader had kept a house of ill-repute, or one bearing that reputation in the neighborhood. The evident purpose of this examination was to show that she was a woman of unchaste character and thereby affect her credibility. In rebuttal the State was permitted to show that her house did not bear that reputation. The testimony, therefore, did not, as contended by appellant, constitute proof of specific acts to sustain the witness's character. Where an inquiry is made, as at bar, the State may be permitted to rebut the testimony thus offered by proof of the actual facts. Al-

though the trial court may, therefore, have erred in permitting counsel for the appellant to make the inquiry in the manner in which it was made (People v. Christy, 65 Hun, l. c. 353; White v. Comm., 96 Ky. l. c. 184; Griffin v. State, 14 Ohio St. l. c. 63), this did not preclude the State from disproving same; ruled otherwise, the appellant would be enabled to profit by his own error.

The propriety of the trial court's ruling in this behalf may be tersely stated in the language of a well recognized treatise on evidence (1 Greenleaf, Evidence, section 468) cited with approval in Olive v. State, 11 Neb. l. c. 27, as follows: "If the counsel chooses to cross-examine the witness as to facts not admissible in evidence, the other party has a right to examine him as to the evidence so given." [22 C. J. pp. 483, 484, sec. 582 and cases.]

VI. Error is assigned in the refusal of the trial court to admit testimony to show the good character of Fendelman, who testified for the defense. His character had not been directly questioned, but on cross-examination inquiries were made of him reflecting upon his standing; and later the appellant offered to show that Fendelman was a man of good reputation for truth and veracity. The rule as to the admission of testimony of this character in both civil and criminal cases has been very exhaustively considered by GRAVES, J., in Banc, in Orris v. Railroad, 214 S. W. 124, in which it is held, at page 130:

Good Character.

"Neither proof of mere contradictory statements nor a rigid cross-examination of the party will authorize the introduction of evidence, as to his general reputation for truth and veracity. Such things go to the credit to be given a witness's testimony, rather than to his reputation, for truth and veracity."

The opinions of the courts of appeals, holding to contrary, which are cited by appellant in his brief, are expressly overruled. The ruling in the Orris case, so far as it applies to criminal cases, is but an affirmance of the doctrine announced in the early case of State v. Thomas,

78 Mo. 327, which was subsequently given express approval in State v. Fogg, 206 Mo. 1. c. 716, in which the court said:

"It is urged by counsel for appellant that the court committed error in exclusion of the testimony offered to prove the defendant's reputation, in the neighborhood in which he resided, for truth and veracity. This testimony was properly excluded for the reason that the defendant's reputation for truth and veracity had not been assailed, and the mere fact that there was a conflict beween his testimony and that of the prosecuting witness is not in contemplation of law such an attack upon his reputation for truth and veracity as would warrant the court in admitting the testimony as to such reputation, for the purpose of bolstering up the testimony of the defendant, when such reputation had been in no way assailed. As applicable to this proposition we know of no rule of law which makes any distinction between the defendant as a witness and any other witness in the case; therefore, we take it that the rule as announced in State v. Thomas, 78 Mo. 327, is decisive of this question."

We, therefore, overrule this contention.

VII. We have carefully reviewed the instructions, not only those given, but those refused; while the former are numerous and somewhat prolix in verbiage, they correctly present the applicable law under the evidence and are not subject to such criticism as to warrant a reversal.

*Instructions.*

The instructions refused, where not covered by those given, are subject to such objections as to prevent our interfering with the ruling of the trial court in regard thereto; they are either not authorized by the facts, or are a comment on same, or incorrectly declare the law. We do not deem it necessary, therefore, to review them separately.

The testimony as to the appellant's guilt is ample to sustain the verdict. He was fairly tried and the judgment is, therefore, affirmed. All concur.