STATE *vs.* THOMAS SHEEHAN.

Hancock.   Opinion April 11, 1914.

*Appeal.   Complaint and Warrant.   Demurrer.   Exceptions.   Records.   Revised Statutes, Chapter 29, Section 49.   Revised Statutes, Chapter 133, Section 18.   Search and Seizure.*

Search and seizure warrant, issued from Western Hancock Municipal Court. The respondent pleaded not guilty. Was found guilty and appealed to the Supreme Judicial Court. At appeal term of Supreme Judicial Court, respondent filed a demurrer to complaint and warrant.

*Held:*

1. That upon demurrer, "A certain store and its appurtenances, situated on the southwesterly side of Main Street, in said Bucksport, commonly known as the Homer Store, and occupied by said Thomas Sheehan," is a sufficient description.

2. That failure of a magistrate to send to the appellate court a copy of the whole process and of all writings in the case before the magistrate cannot be taken advantage of by demurrer.

On exceptions by respondent.  Exceptions overruled.

This is a process of search and seizure under Revised Statutes, chapter 29, section 49, issued from the Western Hancock Municipal Court.  The respondent was arraigned before the Judge of said court, pleaded not guilty, was found guilty, and appealed to the Supreme Judicial Court in and for said county.  At the appellate term of said court, the respondent filed a general demurrer to complaint and warrant.  The grounds of demurrer, upon which the respondent relied, were, first, that the description of the place searched was not sufficient, and second, that the magistrate below did not send to the appellate court a copy of the whole process, and of all writings before the magistrate, as required by R. S., c. 133, section 18.  The presiding Justice overruled the demurrer and the respondent excepted to said ruling.

The case is stated in the opinion.

*Herbert L. Graham,* for the State.

*Daniel S. Hurley,* for respondent.

SITTING: SAVAGE, C. J., SPEAR, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.  Under a search and seizure warrant issued from the Western Hancock Municipal Court the respondent was arraigned before the Judge of that court, pleaded not guilty, waived examination, was found guilty, appealed to the Supreme Judicial Court, and at the appellate term filed a general demurrer to the complaint and warrant.  The demurrer was overruled, exceptions taken, and the same having been allowed, the case is before us upon the exceptions thus taken.

In support of his demurrer the respondent urges two claims; *first,* that the complaint and warrant do not sufficiently describe the place to be searched; *second,* that the magistrate below did not send to the appellate courts "a copy of the whole process, and of all writings before the magistrate," as required by R. S., c. 133, sec. 18.

The description of the place to be searched is the same in both complaint and warrant and is as follows: "A certain store and its appurtenances, situated on the southwesterly side of Main Street, in said Bucksport, commonly known as the Homer store, and occupied by the said Thomas Sheehan."  It is the opinion of this court

that this description is sufficient. In *State* v *Robinson,* 49 Maine, 285, the premises in a search and seizure process were described as "the store occupied by said Robinson, situated on the northerly side of Fore street, in said Portland, being numbered 197 on said street." The court there held that the description was sufficient even without the number.

The failure of the magistrate to send papers to the appellate court, if such were the case, will avail the respondent nothing in support of his demurrer. The exact point has been already decided by this court. In *State* v. *Kyer,* 84 Maine, 109, the respondent filed a general demurrer, as in the case at bar, claiming that the copies of the complaint, warrant and record of conviction were not properly certified by the magistrate. In over-ruling exceptions the court said: "The demurrer strikes only at the complaint and warrant. . . . For want of a sufficient complaint and warrant only does the respondent pray judgment. The joinder on the part of the state relates solely to that. The judgment of the court in adjudging the complaint and warrant good related to the same." The same principles are also discussed and affirmed in *State* v. *Walsh,* 96 Maine, 409.

*Exceptions overruled.*