## THE STATE v. HARRY MYER, Appellant.

### Division Two, June 23, 1914.

1. **ARSON: Information: Ownership of Building.** The gist of the offense denounced by Sec. 4507, R. S. 1909, which says that every person who shall wilfully set fire to a building adjoining to any inhabited dwelling house, so that such dwelling house shall be endangered by such firing, shall be guilty of arson in the second degree, consists, not in the injury to the building set on fire, but of the danger to the persons occupying the adjoining building; and that being true, the ownership of the building is immaterial, and need not be alleged in the information. The statute is intended to protect human life, rather than property. [Overruling on this point, State v. Whitmore, 147 Mo. 78.]

2. **————: ————: ————: Distinction.** A distinction is to be drawn between the arson of an inhabited dwelling house and the arson of a house not so occupied. At common law an allegation of ownership in an indictment for arson was necessary, because the crime did not consist of setting fire to one's own dwelling house or one occupied by accused as tenant, since there could be no arson without a trespass to the possession, and one in possession could not be guilty of such trespass. But the common-law rule has been so changed by statute that if one burn his own dwelling or one he occupies, in which there is at the time a human being, or a building adjoining an inhabited dwelling house, he is guilty of arson, and under such circumstances ownership is immaterial, and an allegation thereof unnecessary, the purpose of the statute being to protect human life. It is only where the offense charged did not endanger human life that the information should charge ownership of the building which defendant set afire.

3. **————: ————: Attempt to Burn.** Since the statute reads that "every person who shall wilfully set fire to or burn" a building adjoining to an inhabited dwelling house, etc., two offenses are disjunctively denounced, and the first is complete if fire is set to any building in the statute named ·in an attempt to burn it, and an allegation to that effect is sufficient. An allegation that defendant did "unlawfully, wilfully, maliciously and feloniously set fire to and attempt to burn a certain building," does not charge simply an attempt instead of the commission of the offense denounced by said statute (Sec. 4507, R. S. 1909). If the words "and attempt to burn" have any effect, they serve to inform the defendant more definitely of the nature of the crime with which he is charged, and in con-

sidering the sufficiency of the information it is immaterial whether they be regarded as explanatory words or rejected as surplusage.

4. ————: ————: **That Dwelling House Was Inhabited.** · An allegation that defendant set fire to "a storeroom at No. 1003 East Twelfth Street, there situate and adjoining to a certain dwelling house of one E. M. Deming; and that said inhabited dwelling house of one E. M. Deming, by the firing the said storeroom as aforesaid, was then and there endangered," though inartificially stated, was sufficiently definite to inform the defendant that the storeroom to which the fire was set was adjacent to an inhabited dwelling house.

5. ————: **Instruction: Attempt to Burn.** It cannot be held that an instruction, directing the jury that if defendant "wilfully," etc., "set fire to and attempted to burn," etc., his punishment should be assessed at not less than two years' imprisonment, told the jury that the "attempt to burn" constituted arson in the second degree, since the gravamen of the offense is "setting fire to," and whether the words "and attempted to burn" be regarded as purely expletory, or as explanatory in evidencing the intent to burn, they may be treated as surplusage.

6. **REMARKS OF COUNSEL: Uncontradicted Testimony.** Remarks of the prosecuting attorney which amount to no more than an expression of his views as to the strength of the State's testimony, that it had not been rebutted and that there was nothing to the contrary, are not error.

7. **ARSON: Insurance Policy: Secondary Evidence.** It having been shown that the policy evidencing that the stock of goods of defendant, who is being tried for setting fire to his own store, was in another State, secondary evidence was, from necessity, properly admitted to prove such insurance.

8. ————: **Sufficiency of Evidence.** The evidence in this case that defendant set fire to his store, though entirely circumstantial, is held amply sufficient to sustain a conviction.

Appeal from Jackson Criminal Court.—*Hon. E. E. Porterfield,* Judge.

AFFIRMED.

*Wofford & Kimbrell* for appellant.

(1) The information is fatally defective for the reason that there is no allegation of ownership of the

storeroom or building to which the fire was alleged to
have been set and upon which the attempt to burn
was alleged to have been made. State v. Wacker, 16
Mo. App. 417; State v. Whitmore, 147 Mo. 78; State v.
Jones, 106 Mo. 311; State v. Kelly, 206 Mo. 685; Kel-
ley's Criminal Law and Practice (2 Ed.), 400; 2 Bish-
op's New Criminal Procedure (4 Ed.), sec. 36, p. 18.
(2) The information is fatally defective for the rea-
sin that there is no allegation that the dwelling house
of E. M. Deming, alleged to have been adjoining to the
storeroom or building to which the fire was alleged to
have been set and alleged to have been endangered, was
an inhabited dwelling house. Sec. 4507, R. S. 1909.
(3) The information charges the attempt to commit
arson, and does not charge arson.    2 Sharswood's
Blackstone's Commentaries, chap. 16, p. 481; State v.
Hall, 93 N. C. 571; Kinchien v. State, 50 Fla. 102;
Mary v. State, 24 Ark. 44. (4) There is no proof in
the record that the dwelling house, alleged to have been
adjoining to the storeroom or building to which the
fire was alleged to have been set, was adjoining to said
storeroom or building. Sec. 4507, R. S. 1909. (5)
Instruction 2 is erroneous for the reason that it au-
thorized and permitted the jury to find defendant guil-
ty of an offense not charged in the information, and
authorized and permitted the jury to assess a pun-
ishment greater than the law prescribes for the of-
fense charged in the information. State v. Milligan,
170 Mo. 215; Sec. 4894, R. S. 1909. (6) Instructions
1 and 2 are erroneous for the reason that they told the
jury that if they found and believed from the evidence
defendant did then and there unlawfully, maliciously
and feloniously set fire to and attempt to burn the
storeroom or building they should find defendant guilty
of arson in the second degree. In other words, the
court told the jury that an attempt to commit arson
was arson. This is not the law. Authorities cited in
Point 3. (7) The court erred in admitting secondary

and hearsay evidence with reference to the policy of insurance which the State contended had been issued to defendant on the stock of goods in the storeroom or building. State v. Harvey, 130 Iowa, 538; State v. Martin, 229 Mo. 620.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) It was not necessary to allege the ownership of the storeroom. Sec. 4507, R. S. 1909; People v. Handley, 100 Cal.. 370; United States v. McBride, 7 Mackey (D. C.), 371; State v. Hunt, 190 Mo. 358; Shepherd v. People, 19 N. Y. 540. (2) The information alleges the dwelling house to have been inhabited and is therefore sufficient in that respect. Evidence showing that an inhabited dwelling house adjoined the storeroom was admitted without objection and the information was good after verdict. (3) The allegation in the information "adjoining a certain dwelling house of one E. M. Deming" is sufficient. Wolf v. State, 53 Ind. 30; Jordan v. State, 142 Ind. 422; Baker v. State, 25 Tex. App. 1. (4) It was not necessary to prove the ownership of the adjoining dwelling house. It was only necessary to prove that it was inhabited at the time of the fire. It was not material who owned it. Authorities cited under Point 1; State v. Jones, 171 Mo. 404. (5) The information charges and the proof sustains arson and not an attempt to commit arson. Polsten v. State, 14 Mo. 463; State v. Taylor, 45 Mo. 322; Fairchild v. People, 48 Mich. 31; Sec. 4507, R. S. 1909. (6) Instruction No. 2 was correct and did not authorize the jury to convict defendant of an offense not charged. Authorities cited under Point 5. (7) The policy of insurance issued to appellant not being within the jurisdiction of the State at the time of the trial, secondary evidence was admissible. State v. Martin, 229 Mo. 636; State v. Flanders, 118 Mo. 237.

WALKER, P. J.—In April, 1913, appellant was convicted in the circuit court of Jackson county, of arson in the second degree, in having set fire to a storehouse adjoining a certain inhabited dwelling house, and his punishment assessed at three years' imprisonment in the penitentiary. Pending this appeal appellant is under recognizance.

Omitting the formal parts and signature of the prosecuting attorney, the information is as follows: "that Harry Myer, whose Christian name in full is unknown to said assistant prosecuting attorney, late of the county aforesaid, on the 6th day of July, 1912, at the county of Jackson, State of Missouri, did then and there unlawfully, wilfully, maliciously and feloniously set fire to and attempt to burn a certain building, to-wit, a storeroom at No. 1003 East Twelfth street, there situate and adjoining to a certain dwelling house of one E. M. Deming, there situate; and that said inhabited dwelling house of one E. M. Deming, by the firing of the said storeroom as aforesaid, was then and there endangered, against the peace and dignity of the State."

The verdict of the jury, omitting signature of foreman, is as follows: "We, the jury, find the defendant guilty of arson in the second degree as charged in the information and assess his punishment at three years in the State Penitentiary."

Near midnight, July 6, 1912, a police officer, walking his beat on East Twelfth street, Kansas City, saw smoke issuing from the transom or ventilator over the door and from crevices in the windows of a storeroom at No. 1003 on said street; upon closer investigation he found the room filled with smoke and called the fire department. The store was broken open by firemen, when a strong odor of kerosene and turpentine was perceptible. The counters, shoe boxes, racks, shelves and goods were found covered with excelsior, which had been saturated with a mixture of kerosene and

turpentine. Two or three spots on the floor indicated that this mixture had been poured thereon. Along the floor a train of excelsior, also moist with the same mixture, led to the basement stairway and down the steps into same, where a barrel was found one-third full of oil, around which was piled like-saturated excelsior. Excelsior had also been scattered over the cement floor of the basement, but it had burned off until the fire reached the foot of the stairway leading to the storeroom, when it had become extinguished. Several upright timbers in the basement, which had been placed there as the framework of a partition, but from which the laths and plastering were off, were charred from the floor upward two or three feet. The doors of the storeroom and basement had been locked and barred on the inside, and the windows covered with cloth. The building in which the store was located was two stories in height, and in the second story a family consisting of several persons resided and were in the building on the night in question.

Appellant was arrested at his residence in a different part of the city about an hour or more after the discovery of the fire. He denied any knowledge of the transaction. A police captain who made a careful examination of the premises the morning succeeding the attempted burning of the building, testifies to substantially the same facts as above in regard to the condition of the store when he made the examination. Returning to the police station he had a talk with appellant. The latter said that he had the only key to the store. While talking, appellant pulled out his handkerchief which emitted a strong odor; when it was taken from him, he fainted; it smelled strongly of turpentine and kerosene. Upon being revived, appellant was asked as to the odor of the handkerchief, and said he could not account for it as he had used it only to wipe his face and hands. He made a signed statement. Among others things he said: "I own the

stock in the store at 1003 East Twelfth street; I gave $4800 for it, paying $3000 cash, and still owe $1000 on the purchase price. I have $4000 insurance on the stock. I am the only one who has a key to the store. I left it about 9:30 o'clock p. m., the night of the fire. I put aprons over the inside of the windows to keep out the dust." The day succeeding the discovery of the fire, a fire warden made an invoice of the stock of goods in the storeroom, and exclusive of fixtures, a sewing machine and refrigerator, its estimated value was fixed at $165.50.

The foregoing is in substance the abstract of the facts as made by counsel for appellant, to which he adds: "The defendant did not testify and no testimony was offered in his behalf."

The statute which appellant was charged with having violated is as follows: "Every person who shall wilfully set fire to or burn any shop, warehouse, office, storehouse or other building not being the subject of arson in the first degree, but adjoining to or within the curtilage of any inhabited dwelling house, so that such dwelling house shall be endangered by such firing, shall, upon conviction, be adjudged guilty of arson in the second degree." [Sec. 4507, R. S. 1909.]

I. (a) The gist of the offense, under section 4507, Revised Statutes 1909, consists, not in the injury to the building set fire to, but the danger to the persons occupying the adjoining building. This being true, the ownership of the building is immaterial and need not be alleged. Under an indictment for an attempt to commit arson in State v. Hayes, 78 Mo. 307, 313, it was contended by the defendant that the indictment was bad for not charging the ownership of the house in the defendant. It was charged that the house was occupied by certain families named, human beings other than the defend-

The Information.

ant. "The statute," said the court, "denounces the act of burning 'any dwelling house, in which there shall be at the time some human being.' It was not even necessary to name the person occupying the house." In an early case (State v. Aguila, 14 Mo. 130) cited with approval in the Hayes case, supra, the court said in effect: "Where the facts which constitute the arson are set down and specified, an indictment in the words in which the offense is created is sufficient."

The reason for the necessity of an allegation of ownership in an indictment for arson at common law was that the crime did not consist in setting fire to one's own dwelling house or one he occupied as tenant, because there could be no arson without a trespass to the possession and one in possession could not be guilty of a trespass against his own possession, therefore, it became material to allege ownership other than in the occupant. But the common-law rule has been changed by statute so that if a person burn his own dwelling or one he occupies, in which there is at the time a human being, he is guilty of arson. Under such a state of facts, the ownership is immaterial, because the statute is intended to protect human life rather than property. [State v. Young, 153 Mo. 445.] In the case at bar a like purpose is evident in the statute upon which the information is drawn and, therefore the same rule is applicable. Keeping the distinction in view as to whether the offense charged in a particular case endangered property or life, we are enabled to readily distinguish the Missouri cases in which it has been held that an allegation of ownership is essential in indictments for arson. [See State v. Whitmore, 147 Mo. 78; State v. Wacker, 16 Mo. App. 417.] In the Whitmore case, supra, the offense consisted in the burning of a county jail, primarily an offense against property. The court held in this case that where the indictment was drawn upon what is

now section 4505, Revised Statutes 1909, the owner-
ship should be alleged in the jailer who occupied the
building, the reason for this ruling being stated thus:
"At common law the ownership of the house must be
alleged and proved as laid. Our statute had not done
away with this requisite of the common law." This
ruling clearly ignored the reason for the allegation of
ownership required by the common law, and as a con-
sequence the change in the statute which rendered such
allegation in certain cases unnecessary. In so far,
therefore, as the Whitmore case holds that an allega-
tion of ownership is necessary in an indictment for
arson, where the offense charged endangers life, it
should be overruled. The reasoning in the Wacker
case turns upon the indefiniteness of the indictment
in simply alleging that the accused "set fire to and
burned a certain dwelling house in the city of St.
Louis;" this indictment, it must be admitted, was in-
sufficient in not clearly informing the defendant of the
particular act charged against him. No such grounds
of complaint can be urged against the information in
the case at bar, which alleges the location of the build-
ing set fire to, by street and number. It is also evi-
dent from the facts in the Wacker case, that the of-
fense charged was one endangering property and not
life, and hence an allegation of ownership was mate-
rial.

(b) The sufficiency of the information is further
challenged on the ground that it only· charges an at-
tempt instead of the commission of the offense. The
language of the statute upon which the information
is based is, in the charging part, that "every person
who shall wilfully set fire to or burn," etc.; it will be
seen that the offenses are disjunctively denounced in
the statute, and the first is completed if fire is set to
any building therein named in an attempt to burn same,
and an allegation to that effect is, therefore, sufficient.
It is a mere trifling with words to say that where it is

alleged in the language of the statute, as it is here, that the defendant "unlawfully and feloniously set fire to" the building named, that only an attempt to commit the crime is charged, because the explanatory words "and attempt to burn" follow the principal allegation in the information. If such explanatory words have any effect, they serve to inform the defendant more definitely of the nature of the crime with which he is charged, and so far as the sufficiency of the indictment is concerned it is immaterial whether they be regarded as explanatory words or be rejected as surplusage. In State v. Jones, 106 Mo. 302, 311, this court held that the use of the words "did set fire to and burn" did not charge two offenses; it has also been held in another jurisdiction that the words "set fire to" are equivalent to the word "burn" (State v. Taylor, 45 Me. 322) ; and in another, that an allegation "of burning" in a charge for "setting fire to" may be rejected as surplusage (State v. Hull, 83 Iowa, 112). Viewed from every angle of interpretation, there is, therefore, no merit in this contention.

(c) The information is further challenged because it is contended that the dwelling house adjoining the building set fire to was not alleged to be inhabited. The language of the information in this regard is as follows: "a storeroom at No. 1003 East Twelfth street there situate and adjoining to a certain dwelling house of one E. M. Deming there situate; that said inhabited dwelling house of the said E. M. Deming, by the firing of the said storeroom as aforesaid, was then and there endangered." While this is an inartificial statement of the language of the statute, it is sufficiently definite to inform the defendant that the building set fire to was adjacent to an inhabited dwelling house, and there is, therefore, no uncertainty as to the allegation in reference to the subject-matter of the offense which the appellant was called on to meet. [State v. Moore, 61 Mo. l. c. 278.]

II.  Appellant contends that instruction numbered

**Instructions.** 2 given by the court was erroneous.  It
is as follows:

"The court instructs the jury that if they find and believe from the evidence that at the county of Jackson and State of Missouri, at any time within three years next before the 15th day of November, 1912, the date of the filing of the information in this case, the defendant, Harry Myer, did then and there unlawfully, wilfully, maliciously and feloniously set fire to and attempt to burn a certain building, to-wit, a storeroom at number 1003 East Twelfth street, there situate and adjoining to a certain inhabited dwelling house of one E. M. Deming, there situate, and that said inhabited dwelling house of the said E. M. Deming, by the firing, if any, of the said storeroom as aforesaid, was then and there endangered, then you will find the defendant guilty as charged in the information and assess his punishment at imprisonment in the State Penitentiary for any term not less than three years.

"Wilfully means intentionally not accidentally.

"Feloniously means wickedly and against the admonitions of the law, unlawfully.

"Maliciously means a wrongful act intentionally done without just cause or excuse."

The appellant's contention is that this instruction told the jury that the "attempt to burn" constituted arson in the second degree.  As we have shown in discussing the information, the language of which is followed in the instruction, the gravamen of the offense is the "setting fire to;" and whether the words "and attempt to burn" be regarded as purely expletory in either the information or the instruction, or as explanatory in  evidencing  the  intent  to  burn  previously charged, they may be treated as surplusage.

In State v. Hull, 83 Iowa, 112, an indictment charged that the defendant caused to be set fire to and burned a large amount of combustible material with

the intention to cause a certain described store build-
ing to be burned, and did then and there in the man-
ner and at the time and place aforesaid, set fire and
cause to be burned the said store building, it was held
that the charge as to the actual burning must be re-
garded as an allegation of evidence, and, therefore, to
be treated as surplusage. While this was a ruling in
regard to the indictment, it is equally applicable in
construing an instruction.

In State v. Hayden, 45 Iowa, 11, the charge was
of breaking and entering a store building wherein
valuable merchandise was kept for sale, with intent to
steal said goods and that he did steal certain articles
named. It was held that the allegation that ''he did
steal'' was a statement of evidence and, therefore, sur-
plusage.

In the case at bar, as in the Hull case, supra, not
only the charge, but the instructions, verdict and judg-
ment show that the appellant was tried for setting
fire to the store and attempting to burn same, and not
for burning it, and such a consistency appears in the
entire proceeding that the appellant has no just cause
of complaint on account of the instructions.

III. There is no merit in appellant's contention
that the remarks of the prosecuting attorney were prej-
udicial. In each instance when the remarks were
made, although it is exceedingly doubt-
**Remarks of
Counsel.** ful whether they were objectionable, the
court directed that they be withdrawn
from the consideration of the jury. No request was
made by counsel for the appellant that the court re-
buke the prosecuting attorney, but it was asked to dis-
charge the jury, whereupon the court, as we have
stated, withdrew the remarks of the prosecutor, and
the latter did likewise. The remarks of the prosecutor
consisted of a comment upon the evidence. A stronger
case is presented in support of objectionable remarks

by counsel in State v. Ruck, 194 Mo. l. c. 440, in which it is held that uncontradicted evidence on the part of the State may be referred to as such by the prosecutor without error. Here, as in the Ruck case, the remarks complained of amounted to no more than an expression of counsel's views as to the strength of the testimony on the part of the State, and that it had not been rebutted and there was nothing to the contrary. We have never gone so far as to hold this to be error.

IV. The policy evidencing the insurance on appellant's stock was shown to be in another State. Secondary evidence was, therefore, from necessity admitted to prove such insurance. [State v. Martin, 229 Mo. 620, 635; State v. Flanders, 118 Mo. 227, 237.]

Secondary Evidence.

V. Without repeating the testimony set forth at some length in the statement, the salient outlines of same may be noted as follows: The small value of the stock and the large amount of insurance; indubitable evidence of arson in the distribution over the interior of the stock, store and basement of quantities of excelsior saturated with oils, of the highly inflammable nature of which we take judicial notice; the barring of the doors and windows from the inside; the admitted fact that no one except the defendant had a key to the premises; his presence at the store at 9:30 o'clock the night of the fire; and last, but not least, the possession by the appellant, when he was arrested and taken to the police station, of a handkerchief strongly impregnated with the odors of kerosene and turpentine. So much for the evidence of arson, circumstantial it is true, but so closely connected are the facts, all of which point to appellant's connection with the transaction, that ample grounds were afforded for the finding of the verdict.

Sufficiency of the Evidence.

The testimony as to the fact that the dwelling adjoining the store was inhabited, shows that there were several persons who not only resided there but were in said dwelling during the night when the store was set fire to and that they rushed out of same in their night clothes when the alarm of fire was given. The actual evidence of the setting on fire of the building is shown by the fact that the excelsior which had covered the floor of the basement, had been burned off and the wooden uprights which had formed a framework for a partition in the basement had been charred for two or three feet upward from the floor. [State v. Bobbit, 228 Mo. l. c. 263; State v. McCaffery, 225 Mo. 617.] It would be difficult to find a stronger case of circumstantial evidence of arson than is, here presented. There is, therefore, no merit in the contention that there is an insufficiency of evidence to support the verdict.

In view of the foregoing it follows that the judgment of the trial court should be affirmed, and it is so ordered. *Brown, J.,* concurs; *Faris, J.,* not sitting.