THE STATE v. HATTIE HIGGINS, Appellant.—12 S. W. (2d) 61.

Division Two, December 18, 1928.

*R. A. Higdon, Roy W. Rucker* and *Lyons & Ristine* for appellant.

572

*North T. Gentry,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

DAVIS, C.—The Prosecuting Attorney of Lafayette County filed in the circuit court an information charging defendant, on August 28, 1926, with the unlawful possession of intoxicating liquor. The jury returned a verdict fixing her punishment at a fine of one thousand dollars and six months' imprisonment in the county jail. Defendant appealed. One Joe Mavel was jointly informed against with defendant, but, as the court on trial discharged him from further custody, that disposes of the matter.

As the charge is a misdemeanor, the cause is here by virtue of a constitutional question timely and duly raised. The facts adduced warrant the finding that the Sheriff of Lafayette County, on August 28, 1926, to whom a justice of the peace had issued a search warrant for that purpose, searched the home of defendant in Lexington, in said county, and there found 381 bottles containing a liquid resembling beer and a container holding about sixty gallons of the same liquid. One bottle was examined by a chemist, who testified that it contained two per cent of alcohol by volume. Defendant made no statement in the officer's presence regarding beer or intoxicating liquor. The sheriff stated that he met two or three boys advancing toward the house, and, over the objection of defendant, he was permitted to testify that two of them respectively remarked that they had previously obtained drinks or bought beer at the house. The sheriff was further permitted to testify that defendant said to them on this occasion, "You s-o-b-, you had better not go up to the courthouse and tell that; if you do, you had better not come back on this side of the river." The defendant refused to offer any evidence. Other facts deemed pertinent to the issues discussed will be found in the course of the opinion.

I. The sheriff entered defendant's home and searched it under authority of a search warrant. It is contended that the search warrant is invalid. First: Because a verified application and petition in writing or an affidavit was not filed before the justice of the peace. It appears that no application was on file immediately preceding the trial herein. The sheriff testified that he took an application for a search warrant to the justice of the peace, and the search warrant was given him by that officer. Moreover, the search warrant recites that on August

28, 1926, there was filed before said justice a duly verified application and petition in writing by the prosecuting attorney, stating that in the buildings and structures, and upon the premises and place, which were described therein, intoxicating liquor is now being unlawfully manufactured, sold, stored and kept. We have no hesitancy in reaching the conclusion that, even though the application was lost, provided it was filed, secondary evidence of its contents is admissible. [State v. Simpson, 67 Mo. 647.] The search warrant demonstrates that a verified application was filed by the prosecuting attorney, and it recites the contents thereof with such certainty as to show facts sufficient to import probable cause under our decisions. [State v. Naething, 300 S. W. 829; State v. Boyer, 300 S. W. 826.]

Second: Because the description of the premises is insufficient. It reads: "The home of Hattie Higgins being a one-story frame house with brick basement and located on the north one-half (½) of the west one-half (½) of a strip of ground lying north of North Street, Lexington, Missouri, and north of block thirty-six (36) first addition to Lexington, Missouri." It is said that no one could locate the house from the description, and also that the words "as nearly as may be," used in the Constitution, require the warrant to set forth a certain description of the place to be searched, that is, by lot and block.

If the place to be searched is sufficiently recognizable from the description to enable the officer executing the warrant to locate the premises with definiteness and certainty, it is all the Constitution requires. This does not require necessarily such a description as is used in the conveyance of real property. The description, as required by the Constitution, is one which, with particularity, enables the officer to go to a definitely ascertained place, so as to exclude all others. In this case, the place designated was the home of defendant in a certain area in Lexington, Missouri. From such description the officers were able to exclude all other places, even if such other places were owned by defendant, for the warrant designated the place where defendant resided, and it did not leave the place to be searched to the discretion of the officer. The following cases support our conclusions. [McSherry v. Heimer, 156 N. W. (Minn.) 130; State v. Sheehan, 111 Me. 503, 90 Atl. 120; Olson v. Haggerty, 69 Wash. 48, 124 Pac. 145; State v. Bauer, No. 29162 (Mo. Sup.) currently decided, not yet reported.]

Third: Because a justice of the peace of Davis Township issued the warrant to search a place in Lexington Township, resulting that the issuing justice could not legally issue a warrant to search a place in another township as to a misdemeanor under Section 3759, Revised Statutes 1919.

Even if pertinent facts would justify the contention of defendant, it does not apply to the facts in this case, for the search warrant charges the manufacture and sale, among other things, of intoxicating liquor on the premises, which are felonies (Sec. 21, p. 242, Laws 1923), thus empowering the justice of a certain township to issue a warrant to search premises in another township in the same county. Moreover, we think that Section 25, page 244, Laws 1923, authorizes a justice of the peace to issue a search warrant to search any place within the county, pursuant to a proper application, for said section is to be interpreted as empowering any justice of the peace in the county to issue such warrants to search any place in the county. Section 25, supra, is not in conflict with Section 3759, supra, for the proceedings relative to the issuing of a search warrant is not a prosecution for misdemeanor within the meaning of the statute. If incriminating evidence is obtained as a result of the execution of the warrant, the prosecution follows in the appropriate tribunal by the filing of a written information or indictment. We find no fault in the warrant for the search.

II. It is said the court erred in refusing to direct a verdict to acquit defendant. Two grounds therefor are urged. In the preceding paragraph we have disposed of one of the grounds urged, that the search warrant was void. The other ground involves the lack of evidence in the record to show that the beverage was potable. "Potable" may be defined as *drinkable* and "beverage" as a *drink* or *that which is drunk*. It is a common knowledge that beer is a drink and drinkable. Consequently, when the evidence develops that the liquid seized was beer, containing two per cent of alcohol by volume, we may infer from such proof that it was potable and capable of being used as a beverage. If the State's evidence develops that it was not potable, that disposes of the question. If defendant's evidence so shows, an issue of fact arises for the jury.

III. Defendant contends that the court erred in admitting testimony of the officers that, during the time they were in charge of the place, two or more men came to the place and while there stated that they had been there previously and obtained drinks, and that they had been there before and bought beer. These conversations were properly objected to and sufficiently saved in the motion for a new trial.

The State argues that the conversation occurred in the presence of defendant and therefore was admissible. However, the time the men were previously there and bought beer was not developed; nor was the possession of the beer shown to be continuous so as to constitute

576

one possession. Consequently, the sale of beer at a previous time did not tend to show that defendant possessed beer on the occasion of the execution of the search warrant. There is, however, a stronger reason why the evidence was inadmissible. The sheriff and his deputies were then executing a search warrant, which ordered him to arrest any person found in possession or control of any intoxicating liquor. The liquor had been found and defendant was constructively, if not actually, in custody. The officer's relation of what the men said was purely hearsay. The defendant's answer, while vehement, not only failed to admit the verity of what the men said, but categorically denied the assertion. The State's evidence only tended to show that defendant possessed beer. Many cases sanction the rule found in State v. Dengel, 248 S. W. 603, 1. c. 605, reading: "The rule of law in this State is well settled that, while the defendant is in custody or under arrest, statements of a third party, made in his presence, and not denied, are inadmissible at the trial." The rule, we think, is applicable here. Error is deemed to be prejudicial unless it is made to appear non-prejudicial or the context shows otherwise. In view of the substantial punishment assessed by the jury, which greatly exceeded the minimum, we cannot say that the admission of the hearsay testimony as to sales was non-prejudicial.

It is unnecessary to discuss other alleged errors, for probably the same questions will not recur on a retrial.

The judgment is reversed and the cause remanded. *Higbee* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by Davis, C., is adopted as the opinion of the court. All of the judges concur.