THE STATE v. GEORGE C. THOMPSON, Appellant.—92 S. W. (2d) 892.

Division Two, March 21, 1936.

898

H. M. *Atwell* for appellant.

*Roy McKittrick*, Attorney General, and *Frank W. Hayes*, Assistant Attorney General, for respondent.

TIPTON, P. J.—This is an appeal from a judgment rendered in the Circuit Court of Miller County, Missouri, where the appellant was convicted of murder in the first degree and sentenced to imprisonment in the penitentiary for his natural life. He was charged with having murdered Charles T. Babcoke.

The evidence tended to show that Charles T. Babcoke lived on a forty-acre farm south of Eldon, in Miller County, Missouri. The appellant lived in the same neighborhood. The last date upon which the deceased was seen alive was March 19, 1933, and he was then seen by John M. Bowen. This witness went to deceased's home on March

26, 1933, as deceased was missed from church. He found no one at home and the house was locked. He again went to the deceased's farm on April 15, 1933, and found the appellant there. The deceased was an active church worker, and his absence from the church services and from the Eldon Workers' Conference on the first Monday in April, 1933, aroused suspicion of his relatives and friends. Between the middle of April and the first of May, 1933, A. E. Vernon, Mrs. A. E. Vernon and Mrs. Simpson, went to appellant's farm and there met the appellant. Mrs. Vernon and Mrs. Simpson were sisters of the deceased. These parties found the appellant in possession of the personal property of the deceased, and he accounted for his possession by stating that he had bought the cattle and had leased the farm from the deceased. Appellant stated to these relatives that the deceased was learning to be a traveling salesman in Oklahoma and the deceased had stayed at the farm the previous Saturday night. He also stated that there was a person who came to the deceased's farm every few days in a big car. The appellant claimed to have a written contract with the deceased regarding the sale of the personal property. A few days later A. E. Vernon and several members of the grand jury went to the home of the appellant and asked him to go to Eldon with them and show them the contract. This the appellant refused to do, claiming he was ill. These men went to the bank and found no contract, then they went back to see the appellant and inquired again about the contract and the appellant then told them it was verbal.

About May 1, 1933, an investigation was started and the body of Charles T. Babcoke was found buried on his farm in a shallow grave. The coroner made an examination of the body and found that a penetrating wound caused by a gun shot to the right or median line at the base of the skull caused his death. This shot had fractured the first vertebra. He was of the opinion that the wound was caused by a 38-caliber revolver, or a 410-shot gun at close range, and that the deceased died from the gun shot wound. A 410-shot gun was found at the appellant's home. The testimony showed that the appellant was seen wearing clothes that belonged to the deceased between the time the deceased was last seen and his body was found. The appellant had in his possession the deceased's chickens, watch, overcoat and silverware.

In a replevin suit the deceased's wife recovered these articles of personal property and deceased's live stock. For several years before the death of deceased, she had lived in Kansas City, but the testimony was that this was due to financial difficulties and not to any estrangement between her and the deceased. The appellant has not favored us with a brief.

I. The appellant's first assignment of error is that: "The Court erred in overruling defendant's motion to quash the search warrant and suppress the evidence." His seventh assignment of error is that: "The Court erred in permitting the cross-examination of the defendant numerous questions and facts to which defendant had not testified to in chief, all over the objections of the defendant." Section 3735, Revised Statutes 1929, requires that the motion for a new trial "must set forth in detail and with particularity in separate numbered paragraphs, the specific grounds or causes therefor." The above assignments of error fail to comply with this section, and therefore there is nothing for us to review.

II. Appellant's assignment No. 2, of his motion for a new trial alleges that the court erred in admitting evidence in the cause on the ground that the information was based in a preliminary hearing which had been had upon a complaint made by Arthur E. Vernon, who was not a competent witness and did not know facts sufficient to make the complaint. Assuming that appellant's point is well taken, he has waived it because he did not file a motion to quash the information and went to trial on the information without any objection. [State v. Schnettler, 181 Mo. 173, 79 S. W. 1123.]

III. The appellant's assignments numbers 3 and 4, of his motion for a new trial, allege that the court erred in permitting the State to display before the jury certain articles of clothing and silverware to his prejudice. The objection was made when Mrs. A. E. Vernon was called as a witness. In passing on the objection the trial court stated that "Under the objection as to the display of this clothing, let the record show that the clothing is not being displayed to the jury but brought into the room for identification." The witness identified these articles as being the property of her deceased brother. The identification of these articles was a matter to be handled in the discretion of the trial court, and there is nothing in the record to show that he abused his discretion.

IV. The appellant's fifth complaint is that the court erred in permitting the sheriff to testify as to finding a 410-shot gun in the home of the appellant as he was making a search in compliance with the search warrant when the appellant was in jail. No objection or motion to strike was made to this testimony, and therefore, there is nothing before us to review. [State v. Buckner, 80 S. W. (2d) 167.]

V. Appellant's assignment number 6, in his motion for a new trial is that the court erred in giving an instruction on second degree murder because there was no evidence to support such an instruction and the giving of this instruction was highly prejudicial to him. If

the appellant's contention is correct in that there was no evidence to justify the giving of an instruction on second degree murder, it would not be reversible error. The jury found the appellant was guilty of murder in the first degree. We fail to see where the appellant was prejudiced by the giving of this instruction. [State v. Glahn, 97 Mo. 679, 11 S. W. 260; State v. Ellis, 74 Mo. 207; State v. Bell, 136 Mo. 120, 37 S. W. 823.]

VI. Appellant's assignment number 8, in his motion for a new trial, is the prejudicial remarks of the special prosecutor. As the argument was not preserved in the bill of exceptions, this assignment cannot be reviewed by us. [State v. Maness, 19 S. W. (2d) 628; State v. Clark, 33 S. W. (2d) 890.]

VII. The court did not err in permitting the introduction of a copy of a chattel mortgage given by the appellant to the Bank of Eldon. The testimony was that the original chattel mortgage was not in possession of the bank and that the copy was filed instead of the original and after a diligent search the officers of the bank were unable to find the original mortgage. Under such circumstances, the copy was admissible. [State v. Higgins, 321 Mo. 570, 12 S. W. (2d) 61; State v. Myer, 259 Mo. 306, 168 S. W. 717.]

VIII. Appellant's assignment number 10, in his motion for a new trial, is that the court erred in refusing to permit the defense witness, M. C. Wagoner, to impeach the State's witness, Roy Thacker, by testifying that prior to the date of the alleged murder, Thacker was in possession of a large pistol. Whether the witness, Thacker, had a large pistol prior to the time that the deceased was killed was immaterial to the issues involved. It in no way tended to show whether the appellant was guilty or innocent of the crime as charged. "Testimony to affect the credibility of a witness is admissible only as to matters material and relevant to the issue." [State v. Dinkelkamp, 207 S. W. 770.]

IX. The court did not err in the admission of the testimony of Mrs. Witt. When this witness testified no objection was made by appellant to her testimony. With no objection or exception saved as to this testimony, the point is waived.

X. The appellant's last assignment of error is that the court permitted Mrs. Eliza A. Babcoke, the wife of deceased, to remain in the courtroom after the appellant had asked for the enforcement of the rule. At the request of the State the court ruled that this witness might remain in the courtroom. She was later used as a witness for the State.

In the case of State v. Tummons, 34 S. W. (2d) 122, we said:

"In so far as appellant's objection goes to the fact that the State was allowed to use Shipley as a witness, notwithstanding he had been allowed to remain in the courtroom while the others were testifying, it has been held in this State since an early day that the matter of excluding witnesses from the courtroom rests in the sound discretion of the court, which discretion will not be interfered with unless abused."

We find no abuse of discretion in the action of the trial court in permitting this witness to remain in the courtroom during the progress of the trial.

We have examined the record and find no prejudicial error therein. The judgment of the circuit court is affirmed. All concur.