THE STATE v. DOYLE KISSINGER, Appellant.—123 S. W. (2d) 81.

Division Two, December 20, 1938.

*Alvin J. Kroehle, Phil M. Donnelly* and *J. Andy Zenge, Jr.,* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. Orr Sawyers,* Assistant Attorney General, for respondent.

TIPTON, J.—In the Circuit Court of Camden County, Missouri, the appellant was convicted of operating a motor vehicle while in an intoxicated condition, and his punishment assessed at imprisonment in the county jail for one year and a fine of $100. From that judgment and sentence, he has duly appealed.

The appellant's first contention is that his peremptory instructions in the nature of demurrers to the evidence should have been given.

Section 7783, Revised Statutes 1929, paragraph (g), provides that "no person shall operate a motor vehicle while in an intoxicated condition." Therefore, to sustain a conviction, the State must adduce substantial evidence, first, that a defendant operated

a motor vehicle, and, second, that said defendant was in an intoxicated condition while he was operating the motor vehicle.

The record in this case shows that on July 20th, 1937, the appellant purchased a model "T" Ford car in the neighborhood of Richland. This town is in Pulaski County, near the Camden County line. It was necessary to make some repairs on the car so it was taken to a blacksmith shop located in Richland. Late in the afternoon the car was driven from the shop by Fred Hammock, accompanied by the appellant, for the purpose of making a test run to see if it ran satisfactorily. After traveling about two blocks from the shop, Hammock was stopped by Roy Caldwell, sheriff of Pulaski County, and ordered to return the car to the shop for the reason that there were no license tags on it, and also because Hammock had no title to it. After the car was returned to the shop, the sheriff told Hammock that he could pull it wherever he wished, that he could not prevent him from so doing. A wrecker was then obtained from a local garage and the car was attached to the rear end of it. Hammock steered the car while the appellant drove the wrecker just into Camden County where it was disconnected from the car. The car was left with the appellant and his wife. In the meantime the sheriff of Pulaski County had called Sam Laurie, the sheriff of Camden County, notifying him of the incident. Laurie and Osborne, his deputy, then started toward Richland. They found the car about six miles from Richland, standing in the middle of the road. Mrs. Kissinger, the appellant's wife, was sitting in the car but was not in the driver's seat. The appellant was some distance up the road, approaching the car with a can containing gasoline. The appellant was placed under arrest.

We think the evidence was substantial to show that the appellant was in an intoxicated condition during all the afternoon and up to the time he was arrested.

W. A. Gibson, a deputy sheriff of Pulaski County and marshal of Richland, testified that at the time the car was driven in the streets of Richland the appellant "was kind'a in a stupor, you know; his head down, like he didn't know what to do." As to the appellant's condition at the time the car was pulled to the Camden County line, he stated, "Well, I wouldn't think he was able to drive a car, would be my judgment about it; that he was intoxicated too much to drive a car."

Roy Caldwell, the sheriff of Pulaski County, testified that he was called to Richland and shortly after he arrived there he saw "Mr. Kissinger and his wife come up the street, and he was in a staggering condition at that time. . . . He was in an intoxicated condition. . . . I told Mr. Hammock that Mr. Kissinger

wasn't in any condition to drive the car. . . . Well, he was staggering, and his eyes were real red, and he couldn't speak plain."

J. C. York testified that he saw the appellant take a small drink of whiskey.

Sam Laurie, the sheriff of Camden County, testified that when he saw the appellant in Camden County, about six miles from Richland, he was under the influence of intoxicating liquor, and he arrested him; that he was in an intoxicated condition; that "he talked thick-tounged, and he smelled like—well, I could smell liquor. Q. In other words, you thought he was pretty drunk at that time, didn't you? A. Well, yes."

Osborne, a deputy sheriff of Camden County, testified, "Well, he was intoxicated; I don't know how drunk he was. Q. Was he staggering? A. Yes."

Certainly, the above evidence is sufficient to show that the appellant was in an intoxicated condition at the time the car was driven from the Camden County line to the place where it was found by the sheriff of that county. [State v. Johnson, 55 S. W. (2d) 967; State v. Raines, 333 Mo. 538, 62 S. W. (2d) 727; State v. Revard, 341 Mo. 170, 106 S. W. (2d) 906.] The mere fact that Gibson and Caldwell did not arrest the appellant that afternoon for drunkenness, and the fact that all the witnesses for the appellant testified that he was not in an intoxicated condition, does not keep the State's evidence from being substantial. It was a question for the jury.

But the appellant argues that even if the evidence is sufficient to show that he was in an intoxicated condition at the time, yet there is no evidence that he drove the car in Camden County, It is true that no witness testified that he saw the appellant drive the car, that the evidence does show that the car was towed into Camden County and the wrecker returned to Pulaski County, and that the car was left there with the appellant and his wife. However, the evidence also shows that the car was next seen six miles from the place where the wrecker left it, that at that time it was out of gasoline, that the appellant was seen approaching it with a can of gasoline, and that his wife was seated in the car but not in the driver's seat. We are of the opinion that the above facts are sufficient to show by circumstantial evidence that the appellant drove the car in Camden County. We rule that the trial court properly overruled the demurrer to the evidence.

The appellant assigns as error the admission in evidence of a statement made by appellant's wife to the effect that she did not drive the car but that it was driven by the appellant. Both the sheriff of Camden County and his deputy testified that she made such a statement. The evidence is not clear whether such statement

was made before or after the arrest, however, a careful reading of the record would indicate that it was made almost simultaneous with the arrest. ''The rule of the law in this State is well settled that, while the defendant is in custody or under arrest, statements' of a third party, made in his presence, and not denied are inadmissible at the trial.'' [State v. Dengel, 248 S. W. 603, l. c. 605; State v. Higgins, 321 Mo. 570, 12 S. W. (2d) 61; State v. Hogan, 252 S. W. 387.]

Even though' it be true that the evidence fails to show that the statement made by the appellant's wife was not made until after the appellant was actually arrested, yet there is no doubt that it was made when he was at least constructively in custody of the officers. In the Higgins case, supra, a situation similar to the one at bar arose and we said: ''The liquor had been found and defendant was constructively, if not actually, in custody. The officer's relation of what the men said was purely hearsay.''

Another reason why this evidence is not admissible, even if it were made before he was in custody, is that the question was not addressed to him but to his wife. It is only when the silence of the accused is maintained under such circumstances that only a guilty person would remain silent that statements made in his presence, not denied, are admissible. The statements are admissible then on the theory that they are implied admissions. [State v. Foley, 144 Mo. 600, 46 S. W. 733; State v. Mullins, 101 Mo. 514, 14 S. W. 625; State v. Glahn, 97 Mo. 679, 11 S. W. 260.] It would have been an intrusion on the part of the appellant to have interfered in this conversation to which he was not a party. It cannot be said that the natural and reasonable inference from his silence under these circumstances is that he admitted the truth of the statements.

For the error in admitting this testimony, the judgment should be reversed and remanded. It is so ordered. All concur.