STATE of Missouri, Respondent,

v.

Lawrence William CAMPBELL, Appellant.

No. 45146.

Supreme Court of Missouri.

Division No. 2.

July 9, 1956.

Clayton W. Allen, Rock Port, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

STOCKARD, Commissioner.

Lawrence William Campbell, hereafter referred to as defendant, was found guilty

of operating a motor vehicle while in an intoxicated condition and his punishment was assessed at 45 days in jail. He appeals from the judgment and sentence entered accordingly.

 Defendant sets forth four "points" in his brief. The first two are as follows: "To sustain a conviction of driving while intoxicated, it must be established by substantial evidence, that the defendant operated a motor vehicle and that he was intoxicated," and "The state must prove beyond a reasonably doubt that the defendant was intoxicated." These two abstract statements do not comply with the requirements of Supreme Court Rule 1.08, 42 V.A.M.S., that points relied on shall show what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous. These two statements in fact constitute arguments in support of the fourth point which is that "The evidence was insufficient to show that any crime had been committed by the defendant," and we shall consider them as a part of the argument in support of that point.

 The third point is that "the verdict was against the weight of the evidence and was the result of the passion and prejudice of the jury." We have frequently held that an assignment of error that the "verdict is against the weight of the evidence" is too general and therefore insufficient to preserve anything for review. State v. Nord, Mo.Sup., 286 S.W.2d 775 [1]; State v. Schramm, Mo.Sup., 275 S.W.2d 343 [2]. Also the assignment that the jury's verdict is the result of passion and prejudice, in the absence of further specification and demonstration, likewise presents nothing for review. State v. Hagerman, Mo.Sup., 244 S.W.2d 49 [18], certiorari denied 343 U.S. 916, 72 S.Ct. 652, 96 L.Ed. 1331. This leaves for consideration only the fourth point which is a challenge of the sufficiency of the evidence, and which is the only matter that is covered in the "argument" in

defendant's brief. This necessitates a statement of the evidence.

The state introduced evidence tending to show that on May 6, 1954, after receiving a telephone call, the sheriff of Atchison County went to the junction of North Main Street and Missouri State Highway 275 in the city of Rockport. Near the intersection in the area of a gasoline service station he noticed a 1950 black Ford automobile in which two men were sitting, one of which was the defendant. As the sheriff drove into the area, the defendant, who was sitting behind the steering wheel, started driving the automobile toward the highway. He drove "along the parking on the north side" and then "just stopped all of a sudden—set his brakes—his car just bounced." After a short pause he "started out, turning toward the highway" and the sheriff then stopped him and placed him under arrest.

Louis Lustig, the other occupant of the automobile, had an opened bottle of beer in his hand and there were several other unopened bottles of beer in the car. There were also two bottles of whiskey, one of which had been opened "with just a little taken out of it."

The sheriff testified that at the time he placed the defendant under arrest "he didn't talk right," "his tongue seemed to be thick" and "he couldn't think what he wanted to say, unless he would get mad at me, then he could talk pretty good." Also he was "just standing there weaving around—he couldn't stand still. He couldn't stand up right—stand still and talk to me * * * just weaving—moving around all the time." When the defendant walked "he wasn't steady by a whole lot. He weaved when he walked." It was the sheriff's opinion, based on his observations of the defendant, that he was "definitely intoxicated." A deputy sheriff testified that the defendant "slurred" his words, "didn't talk plain" and he "wobbled when he walked."

The defendant testified that he was not intoxicated at the time he was arrested, and that he had not had anything to drink. He stated that Louis Lustig had purchased the beer and whiskey. Defendant's wife testified that she talked to her husband about an hour after his arrest and that he was sober at that time. She also stated that as a consequence of a number of operations the defendant had difficulty in walking, that when he walks he is "rather faltering," and that he always had been difficult to understand. She also stated that at the time of his arrest he was bothered with a corn on his foot, and that it interfered with his ability to walk in a normal manner. Defendant's family doctor testified, in effect, that sometimes defendant appeared to be intoxicated when he was not, and that once when the defendant came to his office the doctor thought he was drunk until he examined him and found that he was not drunk but ill. The doctor also testified that after an operation to have a kidney stone removed the defendant "didn't do well" and he "developed a staggering sort of uncertain gait," and that he had a "hesitating sort of speech."

Billy DuBuhr drove the defendant's automobile to the jail and later drove the defendant to his home. He stated that he didn't think defendant was "actually drunk" but that he "might have had a drink," and that when driving him home he "smelled liquor." Louis Lustig was also in the car when DuBuhr drove the defendant home, but he, DuBuhr, "gathered" that defendant had been drinking.

■ Section 564.440, RSMo 1949, V.A. M.S., provides that no person shall "operate a motor vehicle while in an intoxicated condition". To sustain a conviction the state must adduce substantial evidence that the defendant operated a motor vehicle and that he was in an intoxicated condition while so doing. State v. Grove, Mo.Sup., 204 S.W.2d 757 [5]; State v. Kissinger, 343 Mo. 781, 123 S.W.2d 81 [1]. Here there is direct testimony that defendant did operate the automobile, although it was but for a short distance, and the fact of operation is admitted in the argument of defendant's brief.

The issue of fact as to whether defendant was intoxicated when he was operating the automobile, on the conflicting evidence above set out, was decided by the jury adversely to defendant after the trial court had instructed the jury that under the law the defendant is presumed to be innocent, and that this presumption continues until it has been overcome by evidence which establishes his guilt to the satisfaction of the jury and beyond a reasonable doubt. The statute does not set forth the degree of intoxication necessary to constitute a violation, and "Any intoxication that in any manner impairs the ability of a person to operate an automobile is sufficient". State v. Raines, 333 Mo. 538, 62 S.W.2d 727, 729 [9]. There was substantial evidence that at the time the defendant was arrested he could not talk plainly because his tongue was "thick," that he "slurred" his words and that he was unsteady on his feet. Such exhibitions are typical of various stages of intoxication and of the actions of an intoxicated person. State v. Griffin, 320 Mo. 288, 6 S.W.2d 866, 867. The sheriff testified that in his opinion the defendant was "definitely intoxicated," and Billy DuBuhr testified that he smelled liquor on the breath of defendant. This and other testimony offered by the state and outlined above constituted substantial evidence from which the jury could reasonably find that the defendant was in an intoxicated condition while he was operating the automobile.

■ An appellate court does not weigh the evidence, State v. Clark, Mo.Sup., 277 S.W.2d 593 [2], or judge the credibility of the witnesses, State v. Hampton, Mo.Sup., 275 S.W.2d 356 [4], but determines only if there is substantial evidence to support the verdict of the jury, and a verdict so supported will not be disturbed on appeal. State v. Armstead, Mo.Sup., 283 S.W.2d

577 [4]. We conclude that there was substantial evidence to support the conclusion of the jury that the defendant operated an automobile and that he was in an intoxicated condition while so doing. See State v. Kissinger, 343 Mo. 781, 123 S.W.2d 81; State v. Peacher, Mo.Sup., 216 S.W.2d 66; and State v. Griffen, supra.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.