**STATE of Missouri, Respondent,**

v.

**Leon Douglas PENN, Appellant.**

**No. 52106.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1967.

Rehearing Denied April 10, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard K. Wilson, Sp. Asst. Atty. Gen., Springfield, for respondent.

Max Oliver, Montgomery City, for defendant-appellant.

DONNELLY, Judge.

Appellant, Leon Douglas Penn, was convicted of burglary in the second degree under § 560.070 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of Montgomery County, Missouri, and his punishment was assessed at imprisonment in the custody of the State Department of Corrections for a period of two years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

On January 14, 1965, Paul Wright drove his car to the New Florence Post Office where appellant joined him. They drove to Jake Zweifel's house, picked him up, and drove to Montgomery City. After spending some time in Montgomery City, the three men started back to New Florence about 8:30 p. m. On the way, appellant said, "I know where we can get rid of a typewriter if we can locate one." He also said, "I think there's one down at the Coop Plant." They drove to the "Coop place," a fertilizer plant in New Florence. Appellant said, "You all get out here and see what you can find and I'll be back with the car later." Wright and Zweifel got out of the car and appellant drove off. Wright and Zweifel went to the plant office, tried to pry the window open, broke the glass, and entered the building. They picked up what they thought was a typewriter but what in fact was an adding machine, left the building, and went down the driveway to where appellant was waiting in the car. Appellant stated that a typewriter should be there instead of an adding machine and said, "You boys go back and see if you can't find that

typewriter." Wright and Zweifel entered the building again, got another machine that they thought was a typewriter, "and it turned out to be another adding machine." They returned to the car and drove to East St. Louis, Illinois, where they were arrested.

█ Appellant questions the sufficiency of the evidence. The evidence, though consisting largely of testimony elicited from Wright and Zweifel, authorized a finding that appellant was guilty of burglary in the second degree. Their testimony was credible, was uncontradicted, and was "such that reasonable minds might believe it." State v. Harris, Mo.Sup., 295 S.W.2d 94, 95.

█ The case of State v. Castaldi, Mo. Sup., 386 S.W.2d 392, cited by appellant, does not assist him here. The evidence shows that appellant aided, abetted, encouraged, and affirmatively participated in the crime. This is sufficient to sustain his conviction. State v. Whitaker, Mo.Sup., 275 S.W.2d 316; State v. Williams, 356 Mo. 1048, 204 S.W.2d 748; State v. Boothe, Mo.Sup., 364 S.W.2d 569; State v. Ramsey, Mo.Sup., 368 S.W.2d 413.

Appellant further contends that the trial court erred in admitting testimony of Garland Bethel, Sheriff of Montgomery County, a witness for the State, who was allowed to relate statements made to him by Wright in East St. Louis, Illinois, after Wright, Zweifel and appellant were apprehended and when Wright and appellant could have been no longer acting together in the furtherance of the burglary. Bethel's testimony, in part, is as follows:

"Q Mr. Sheriff, have you seen this Remington Rand Adding Machine before?

"A I have.

"Q Did Mr. Wright make any admission as to this machine in the same way he did the other one?

\*     \*     \*     \*     \*     \*

"A He did.

\*     \*     \*     \*     \*     \*

"Q   What statement did he make in regard to this machine while in the presence of the defendant, Leon Penn?

"A   That it had been taken from the Coop Building, that the three of them took it.

\*   \*   \*   \*   \*   \*

"Q   Now, Sheriff, do you have your identification tag on this machine too?

"A   I do.

\*   \*   \*   \*   \*   \*

"Q   Now, I will ask you, Sheriff, if Paul Wright, in the presence of the defendant, Leon Penn, made any statement in regard to this machine?

"A   He did.

"Q   What was that statement?

"A   He stated it was one of the machines that they took from the Coop, he and Leon Penn and Jakie Zweifel."

Counsel for appellant made several objections to this testimony.  One of the objections was:

"Now, if Your Honor please, again I object for the ground stated at the beginning of the testimony—testimony of a co-conspirator is not admissible against this defendant—the best evidence is from that witness himself—this would be hearsay.

"THE COURT:  Overruled."

In State v. Chernick, Mo.Sup., 278 S.W.2d 741, at 748, we said: "The essential principle of the hearsay rule is that for the purpose of securing trustworthiness of testimonial assertions and of affording the opportunity to test the credit of the witness, such assertions are to be made in court, subject to cross-examination.   And, if the declaration of a co-conspirator or co-actor sought to be shown in evidence is not in furtherance of the object of the unlawful combination, or if it was made prior to the formation thereof, or after the consummation of the purpose thereof, the objection to be made is that such declaration is hearsay statement and not binding upon the co-conspirator or co-actor on trial."

However, the State urges that appellant "has misconstrued the theory of the prosecuting attorney in admitting such testimony as it obviously did not relate to a conspiracy but was admitted on the theory that defendant's remaining silent while present when Wright stated that the machines had been taken from the co-op building and that all three of them had taken them was an admission on the part of the defendant Penn."   Sheriff Bethel's relation of what Wright said was "purely hearsay."   State v. Higgins, 321 Mo. 570, 12 S.W.2d 61.  The State apparently offered the testimony on the theory that appellant's silence, when Wright's statements were made in his presence, constituted an admission of his guilt and an exception to the hearsay rule.   If this was the prosecuting attorney's theory, the testimony was inadmissible.   "The rule of the law in this state is well settled that, while the defendant is in custody or under arrest, statements of a third party, made in his presence, and not denied, are inadmissible at the trial."   State v. Dengel, Mo.Sup., 248 S.W. 603, 605;   State v. Kissinger, 343 Mo. 781, 785, 123 S.W.2d 81, 83.

In our opinion appellant's objection that Sheriff Bethel's testimony "would be hearsay" adequately preserved the question for appellate review.   Appellant's objection should have been sustained.   The trial court's action in overruling the objection was prejudicially erroneous.

The judgment is reversed and the cause remanded.

All of the Judges concur.